United States District Court
Southern District of Texas
**ENTERED**
November 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENNY HEBERT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-3748 |
| | § | |
| JOSH A. BRUEGGER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal detainee and former state inmate proceeding *pro se* and *in forma pauperis*, filed an amended civil complaint under 42 U.S.C. § 1983 against seven City of Pasadena law enforcement and narcotics task force officers for conspiracy and alleged violations of his constitutional rights.

Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Plaintiff claims in his amended complaint that on or about August 31, 2020, the defendant officers used excessive force against him during his arrest and delayed providing him medical care in jail for twenty-three hours following the use of force. (Docket Entry No. 17, p. 6.) He states that he sustained bruises, cuts, and swelling from the incident. He further claims that the officers conspired to violate his civil rights, and that documents regarding his

arrest and internal investigations contained incorrect and falsified information. He seeks nominal, compensatory, and punitive damages in an amount of $10 million.

Plaintiff acknowledges, and the Court's dockets show, that this is not plaintiff's first lawsuit regarding the events of August 31, 2020. In April 2021, plaintiff filed a civil complaint with this Court against the defendants in this lawsuit, claiming that they used excessive force during his arrest. The lawsuit was dismissed without prejudice in June 2021, for failure to state a claim for relief. *Hebert v. Brueggea* [*sic*], C.A. No. H-21-1376 (S.D. Tex. June 23, 2021). Plaintiff refiled his lawsuit in March 2022, but the case was dismissed for want of prosecution in April 2023. *Hebert v. Bruegger*, C.A. No. H-22-0879 (S.D. Tex. Apr. 26, 2023). The instant lawsuit is plaintiff's third federal action against the defendants for use of excessive force and delayed medical care as to his arrest on August 31, 2020.

As shown below, plaintiff's claims are barred by the applicable two-year statute of limitations or by *Heck v. Humphrey*, 512 U.S. 477 (1994), and will be dismissed.

## II. ANALYSIS

A. <u>Amended Complaint</u>

Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 16) is **GRANTED**, and his amended complaint (Docket Entry No. 17) is **ORDERED FILED**.

B. <u>Limitations</u>

As there is no federal statute of limitations for civil rights actions brought pursuant to § 1983, a federal court borrows the forum state's general personal injury limitations

period. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). In Texas, the applicable limitations period is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018).

Although Texas law defines the statute of limitations, federal law determines when a § 1983 claim accrues. *Moore v. McDonald*, 30 F.3d 616, 620–21 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit holds that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Department of Criminal Justice*, 397 F. App'x 18, 22 (5th Cir. 2010).

### C.    Excessive Force and Delay in Medical Care

Plaintiff claims in his amended complaint that, on August 31, 2020, the defendants used excessive force during his arrest, causing him bruises, cuts, and swelling, and that they delayed providing medical care for twenty-three hours.

Plaintiff's amended complaint shows that he was aware of the defendants' alleged use of excessive force and delay in providing medical care at the time those events occurred on August 31 and September 1, 2020. Thus, limitations accrued on those dates and expired two years later. Petitioner's amended complaint further shows that he was aware he had been arrested and confined in pretrial detention on August 31, 2020, and that he believed the arrest and detention were unlawful at that time. The two-year limitations period for a claim of false imprisonment "begins to run at the time the claimant becomes detained pursuant to legal

process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff's pleadings show that he was detained pursuant to legal process when he was arrested on August 31, 2020, and limitations expired two years thereafter. Plaintiff filed the instant lawsuit no earlier than September 19, 2024. Plaintiff's claims against the defendants for use of excessive force, delay in medical care, wrongful arrest, and wrongful detention are barred by limitations and must be dismissed.

To the extent plaintiff disagrees with information appearing in the police and investigative reports generated in 2020 and 2021 as to his arrest (Docket Entry No. 1, exhibits), his disagreements raise no issue of a constitutional dimension for purposes of § 1983. Even assuming a viable claim for relief were raised, the claim is barred by the two-year statute of limitations.

Plaintiff's claims for use of excessive force, delay in medical care, wrongful arrest and detention, and incorrect or falsified reports and investigations are dismissed with prejudice as barred by limitations.

D.   Conspiracy Claims

Plaintiff also appears to claim that the defendants conspired to bring false charges against him stemming from his arrest on August 31, 2020. Plaintiff states that immediately upon his arrest and detention he began filing complaints against the law enforcement officers and initiating investigations into the events surrounding his arrest and injuries. *See Hebert v. Bruegger*, C.A. No. H-22-0879 (S.D. Tex., Docket Entry No. 14, ¶ 31.) He also claimed

4

within the *Bruegger* lawsuit in an amended complaint signed April 17, 2022, that the officers conspired against him as to the arrest, denial of medical care, criminal charges, and prosecution. *Id.*; *see also id.*, Docket Entry No. 16, p. 1, signed June 7, 2022; Docket Entry No. 18, p. 3, signed August 31, 2022. Thus, even assuming plaintiff's conspiracy claims accrued as late as April 17, 2022, June 7, 2022, or August 31, 2022, the two-year limitation had expired when plaintiff signed the instant lawsuit on September 19, 2024.

Plaintiff's claims against the defendants for conspiracy to violate his constitutional rights are dismissed with prejudice as barred by limitations.

E.     *Heck* Bar

Plaintiff argues that his arrest and detention on August 31, 2020, and ensuing prosecutions were based on false information and falsified reports. Public online records for the Harris County criminal courts show that plaintiff was arrested on August 31, 2020, and charged with offenses for possession with intent to deliver a controlled substance, for felon in possession of a weapon, and evading arrest by motor vehicle. He pleaded guilty to the two latter offenses in June 2021, and the controlled substance charge was dismissed pursuant to the plea bargain agreement. *See Hebert v. Lumpkin*, C.A. No. 1:22-cv-0116 (S.D. Tex. Oct. 11, 2023) (state court records). Plaintiff's federal habeas challenges to the convictions were dismissed with prejudice in July 2023. *Id.*

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's arrest, detention, prosecution, conviction, or sentence must be dismissed unless

the plaintiff first shows that the arrest, conviction, or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Because plaintiff's allegations challenge the validity of his arrests, detention, and prosecution, his claims for damages arising from false criminal charges are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not show that his convictions have been reversed or set aside. Although his controlled substance charge was ultimately dismissed, the dismissal was the result of a plea bargain agreement that did not result in a favorable termination or invalidation of the merits of the charges for purposes of the *Heck* bar.

Any claims for monetary damages arising from plaintiff's allegations of false criminal charges, detentions, prosecutions, and/or convictions are barred with prejudice as legally frivolous and for failure to state a claim until the *Heck* conditions are met.

F.　Section 1915(g)

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). *See Edison v. Houston Police Dep't*, 32 F. App'x 127 (5th Cir. 2002) (holding that dismissal of § 1983 lawsuit for statute of limitations bar counts as a strike).

Plaintiff has two prior strikes. *See Hebert v. Brueggea* [*sic*], C.A. No. H-21-1376 (S.D. Tex. June 23, 2021); *Hebert v. Franklin*, C.A. No. H-22-1489 (S.D. Tex. May 16, 2022). As the instant dismissal is plaintiff's third strike, he is now barred from proceeding *in forma pauperis* in federal district or appellate court pursuant to the provisions and exclusions of § 1915(g). *See* 28 U.S.C. § 1915(g).

### III.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 16) is **GRANTED**, and his amended complaint (Docket Entry No. 17) is **ORDERED FILED**.

2. This lawsuit is **DISMISSED WITH PREJUDICE**.

3. This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's third strike.

4. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the ____ day of November, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE